Celia McGuinness (SBN 159420)
Deborah Gettleman (SBN 267309)
Derby McGuinness & Goldsmith LLP
1999 Harrison Street, Suite 1800
Oakland, California 94612
Phone: (510) 987-8778
cmcguinness@dmglawfirm.com
dgettleman@dmglawfirm.com

Todd Espinosa (SBN 209591)
Law Office of Todd Espinosa
2000 Broadway Street
Redwood City, California 94063
650-241-3873 telephone
650-409-2550 facsimile
tie@toddespinosalaw.com

Attorneys for Plaintiff Curtis Kelley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO OR OAKLAND DIVISION

| | |
|---|---|
| CURTIS KELLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>RELATED MANAGEMENT COMPANY, L.P., and ALL HALLOWS PRESERVATION, L.P.<br><br>　　Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Curtis Kelley is a disabled senior who needs to use a wheelchair for mobility. He is a long-time resident of All Hallows Garden Apartments, a federally subsidized apartment complex in the Bayview neighborhood of San Francisco, California.

2. Defendants All Hallows Preservation, L.P. and Related Management Company, L.P. own and manage All Hallows Garden Apartments. For years, Defendants — one of which is among the largest residential property managers in the country — failed to transfer Plaintiff to a ground-level apartment, despite knowing he uses a wheelchair and despite his repeated requests for reasonable accommodation of his disability. Plaintiff was forced to drag himself up and down exterior stairways at the complex in order to get in and out of his apartment.

3. In 2021, after additional reasonable requests to be relocated, including those made on Plaintiff's behalf by his physician, an advocacy agency for disabled Californians and the San Francisco Fire Department, Defendants finally transferred Plaintiff to a ground-level studio apartment. However, that apartment is not actually accessible to Plaintiff. In response to further reasonable accommodation requests, Defendants have refused to provide a ramp that would allow Plaintiff to come and go from his apartment independently and have failed to make requested physical alterations needed to make Plaintiff's shower and bathroom facilities actually useable for him.

4. Plaintiff asserts causes of action against both Defendants under Section 504 of the Rehabilitation Act, the Fair Housing Act and California civil rights laws. Plaintiff seeks damages, injunctive relief, attorney fees and costs.

## JURISDICTION, VENUE AND DIVISIONAL ASSIGNMENT

5. This Court has jurisdiction over Plaintiff's claims brought under federal law pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's pendent claims brought under California law pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the All Hallows Garden Apartments complex that is at issue in this action is situated in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. Pursuant to Civil Local Rule 3-2, this action may be assigned to the San Francisco or Oakland Divisions of this Court because All Hallows Garden Apartments is situated in San Francisco County and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Francisco County.

**PARTIES**

**Plaintiff Curtis Kelley**

8. Plaintiff Curtis Kelley is sixty-six year-old San Franciscan and a long-time resident of the All Hallows Garden Apartments complex.

9. Plaintiff has limited financial means. He is able to live at All Hallows Garden Apartments because the property is subsidized through a federal Project-Based Section 8 rental housing subsidy program.

10. At all times relevant herein, Plaintiff has lived and is living with physical disabilities, including severe osteoarthritis, that substantially limit his ability to walk, stand and climb stairs. Plaintiff uses a wheelchair for mobility.

**Defendants All Hallows Preservation, L.P. and Related Management Company, L.P.**

11. Defendant All Hallows Preservation, L.P. ("Defendant AHP") is a California limited partnership.

12. Defendant AHP owns and has owned the All Hallows Garden Apartments complex at all times relevant herein.

13. Defendant Related Management Company, L.P. ("Defendant Related Management") is a New York limited partnership.

14. Defendant Related Management is the management agent for the All Hallows Garden Apartments complex. On information and belief, Defendant Related Management has

been the management agent for the All Hallows Garden Apartments complex acting on behalf of Defendant AHP at all times relevant herein.

15. Defendant Related Management is one of the largest apartment managers in the United States. Defendant Related Management's assets under management are valued at over $60 billion, including approximately 60,000 affordable and workforce housing units in the United States. Defendant Related Management manages over 150 apartment complexes subsidized under project-based subsidy programs administered by the Unites States Department of Housing and Urban Development (referred to herein as "HUD").

16. Defendants AHP and Related Management are referred to collectively herein as "Defendants."

17. The general partner of Defendant AHP is RA All Hallows, LLC, a Delaware limited liability company. Richard O'Toole is a vice president of RA All Hallows, LLC. Richard O'Toole is also a vice president of Related Fund Management, LLC, a Delaware limited liability company. On information and belief, Related Fund Management, LLC is a subsidiary of the Related Companies, L.P., a New York limited partnership. According to Dun & Bradstreet, the Related Companies, L.P. is a real estate conglomerate generating $2.05 billion in United States sales, with 193 companies in its "corporate family." On information and belief, Defendant Related Management also is a subsidiary of the Related Companies, L.P. On information and belief, Defendant AHP was acquired on behalf of the Related Companies LP by one of its subsidiaries, Related Fund Management, LLC, to hold ownership of the All Hallows Garden Apartments while the complex is managed by another Related Companies subsidiary, Defendant Related Management.

18. On information and belief, in undertaking the conduct alleged herein, Defendants were, at all times relevant herein, acting as the agent, employee or representative of each other. On information and belief, the conduct of each defendant alleged herein was within the course and scope of its actual or apparent authority pursuant to such agency, or the conduct of each defendant as agent was subsequently ratified and adopted by the other defendant as principal.

FACTUAL ALLEGATIONS

**All Hallows Garden Apartments**

19.     All Hallows Garden Apartments is a 150-unit apartment complex comprised of multiple buildings located on several streets (including Ingalls Street and Navy Road) in the Bayview neighborhood of San Francisco, California.

20.     All Hallows Garden Apartments is subsidized through a federal Project-Based Section 8 rental housing subsidy program administered by HUD.

21.     On information and belief, Defendant AHP receives over $4.8 million in federal Project-Based Section 8 rental housing subsidies for All Hallows Garden Apartments annually.

22.     On information and belief, Defendant Related Management receives a portion of the federal Project-Based Section 8 rental housing subsidies paid for All Hallows Garden Apartments as fees for the management of the complex.

23.     Plaintiff is qualified to participate in and to receive benefits via the federal Project-Based Section 8 rental housing subsidy program through which All Hallows Garden Apartments is subsidized.

24.     Defendants have repeatedly confirmed Plaintiff's federal Project-Based Section 8 rental housing subsidy program eligibility through a recertification process required by HUD.

**Defendants' Refusal Reasonably to Accommodate Plaintiff**

Failure to Transfer to Accessible Apartment and Failure to Provide Useable Ramp

25.     In or around 2019, Plaintiff's physical disabilities became more severe, which prevented him from walking or climbing stairs.

26.     In 2019, Plaintiff resided in a one-bedroom apartment in All Hallows Garden Apartments (referred to herein as Plaintiff's "former apartment" or the "Ingalls Street apartment").

27.     The only access to Plaintiff's former apartment was via a set of approximately 15 exterior steps from a common outdoor walkway to the front door of that apartment. That outdoor walkway itself could be reached from a street or a parking lot only by climbing additional exterior stairways.

28.     Plaintiff repeatedly requested that Defendants transfer him to a ground-level apartment because of his disabilities and inability to walk and climb stairs. Defendants did not transfer Plaintiff to a ground-level apartment. In so doing, Defendants acted intentionally and with knowledge of Plaintiff's disability and disability-related need for the transfer.

29.     In or around November 2019, Plaintiff's physician prepared a letter stating that severe osteoarthritis left Plaintiff "wheelchair dependent" and recommending that Plaintiff be placed in a ground-level unit because he was "unable to navigate stairs safely."

30.     As his osteoarthritis became more severe and his ability to walk or climb stairs was further impaired, often the only way for Plaintiff to get in and out of his home was to drag himself up and down the exterior stairways at All Hallows Garden Apartments causing him bodily injuries including cuts and scrapes.

31.     Security personnel at All Hallows Garden Apartments knew that Plaintiff could not walk or climb stairs and observed Plaintiff dragging himself along exterior stairways at the complex, including those necessary to access his former apartment. On information and belief, those security personnel were engaged by Defendants and were acting on Defendants' behalf each time that they saw Plaintiff drag himself up and down exterior stairways at All Hallows Garden Apartments.

32.     At times, Plaintiff would pay neighbors and acquaintances to carry him down the exterior stairways in front of his former apartment so that he could attend medical appointments. When Plaintiff needed medical care or had other urgent appointments and could not arrange for neighbors and acquaintances to carry him, Plaintiff would call 911 emergency services for San Francisco Fire Department personnel to carry him down the stairways at the complex.

33.     Despite knowing that Plaintiff could not walk or climb stairs and required the use of a wheelchair because of his disabilities, Defendants failed to transfer Plaintiff to a ground level apartment. Instead, Defendants merely installed additional handrails on the exterior stairway leading up to Plaintiff's Ingalls Street apartment.

34.     In or around March 2021, Plaintiff was hospitalized. On or around March 31, 2021, a hospital physician sent a letter to Defendant Related Management requesting that

Plaintiff be transferred to a housing unit with ramp or elevator access as a reasonable accommodation of Plaintiff's disabilities.  On information and belief, around the time of that March 2021 reasonable accommodation request from the hospital physician, the San Francisco Fire Department made a similar request to Defendants on Plaintiff's behalf.

35.   On or around April 13, 2021, Defendant Related Management informed the hospital that Defendant Related Management had obtained an "ADA compliant apartment" in the same complex (referred to herein as Plaintiff's "current apartment" or the "Navy Road apartment") that was available for Plaintiff to move-in upon his discharge.  Defendant Related Management represented to the Hospital that the current apartment was a studio apartment accessible by ramp.

36.   In fact, there was no ramp.  The entry door to the Navy Road apartment has an approximately five-inch high step at the threshold and another, higher step at the front porch approximately halfway between the entry door and the sidewalk.  Neither the front porch step nor the entry door threshold are accessible by wheelchair.  The threshold step and the front door step are visible from the sidewalk and the street in front of the Navy Road apartment.  Defendants knew that the front porch step and the entry door step of the Navy Road apartment were not accessible by wheelchair.

37.   In or around May 2021, Disability Rights California, an agency designated under federal law to protect and advocate for the rights of Californians with disabilities, informed Defendants on Plaintiff's behalf that Plaintiff was ready to be discharged from skilled nursing care but could not be discharged because the current apartment was not accessible to him by wheelchair.  After three months of repeated requests, Defendants installed a ramp at the front porch step of the Navy Road apartment.  Almost immediately, Disability Rights California informed Defendants that that the ramp was too steep for Plaintiff to use independently.

38.   After further requests from Disability Rights California, in or around August 2021, Defendants replaced the first ramp with a second, slightly longer ramp.  Disability Rights California informed Defendants that that second ramp also was too steep for Plaintiff to use. That ramp also had a dangerous cross slope.  Additionally, because neither the first nor the

second ramp reached the step at the threshold, neither ramp actually allowed Plaintiff to access his home independently.

39. Disability Rights California continued to make repeated requests for a ramp that would actually allow Plaintiff to access his home independently. Defendants expressly and categorically refused these requests for reasonable accommodation of Plaintiff's disabilities. In a September 14, 2021 e-mail to Disability Rights California, Defendant Related Management's Associate General Counsel for Fair Housing Alicia Ruiz stated: "In regard to the ramp, we have installed two already, and will not be installing a third." In making this express refusal, Defendants acted intentionally and with knowledge of Plaintiff's disability and disability-related need for the ramp.

Plaintiff's Inaccessible Bathroom

40. On April 7, 2022, Plaintiff sent an email to Defendants' community manager for All Hallows Garden Apartments notifying her that the bathroom in the Navy Road apartment was not accessible to him and that he has been "unable to take a shower because [he] cannot safely get over the lip of [his] tub." He also stated that his toilet seat is too low for him to sit down and get up safely. Plaintiff asked that Defendants install grab bars in his shower and by the toilet, raise the toilet seat and install a hand-held shower head.

41. Forty-one days later, on or around May 18, 2022, Defendants installed grab bars in Plaintiff's bathroom but nothing else. In so doing, Defendants acted intentionally and with knowledge of Plaintiff's disability and disability-related need for the other physical alterations to Plaintiff's bathroom. The only bathroom in the Navy Road apartment is inaccessible to Plaintiff. For months, Plaintiff has had to take sponge baths in his bed, among other daily personal indignities.

**INJURIES**

42. Because of Defendants' conduct alleged herein, Plaintiff has suffered and continues to suffer emotional distress, including humiliation, mental anguish, loss of dignity and embarrassment. Defendants' conduct has caused Plaintiff bodily injury and pain and suffering.

Defendants' conduct has caused Plaintiff economic injury, including out-of-pocket expenses and diminution of the value of the apartments that Plaintiff rented at All Hallows Garden Apartments in comparison to housing accommodations provided in compliance with federal and California law. Defendants' conduct has interfered with Plaintiff's ability to receive needed medical care, to visit friends and family and to participate in social activities. Defendants have denied and continue to deny Plaintiff the equal opportunity to use and enjoy his home at All Hallows Garden Apartments.

43. On information and belief, unless enjoined, Defendants will continue to engage in the unlawful conduct harmful to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' acts unless enjoined by this Court.

44. In doing the acts of which Plaintiff complains, Defendants acted intentionally and with conscious or reckless disregard of Plaintiff's fair housing and civil rights. Defendants knew or should have known that Plaintiff was disabled, that their conduct was directed towards a disabled person and that their conduct caused Plaintiff harm.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR HOUSING ACT,**
**42 U.S.C. § 3604(f),**
**By Plaintiff Against Defendants**

45. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in this pleading.

46. Apartments at All Hallows Garden Apartments are dwellings.

47. Plaintiff is a person with a "handicap" as defined by the Fair Housing Act.

48. Defendants violated the Fair Housing Act by refusing to make reasonable accommodation of Plaintiff's "handicap." Defendants unreasonably delayed and thereby refused to grant Plaintiff's repeated requests for a transfer to a ground-level apartment until 2021.

49. Defendants engaged in discriminatory housing practices.

50. Plaintiff has been injured by Defendants' discriminatory housing practices and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CAUSE OF ACTION
### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT,
### 29 U.S.C. § 794,
### By Plaintiff Against Defendants

51. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in this pleading.

52. Defendants are recipients of federal funding in connection with their ownership, management and operation of All Hallows Garden Apartments.

53. Plaintiff is a qualified individual with a disability and is qualified to participate in and receive benefits of the federal Project-Based Section 8 rental housing subsidy program through which All Hallows Garden Apartments is subsidized.

54. Defendants violated Section 504 of the Rehabilitation Act by refusing to provide reasonable accommodation of Plaintiff's disability and/or otherwise failing to operate All Hallows Garden Apartments in a manner that is readily accessible to and useable by Plaintiff as a qualified individual with disabilities. Defendants unreasonably delayed and thereby refused to grant Plaintiff's repeated requests for a transfer to a ground-level apartment until 2021, refused to install a ramp at the Navy Road apartment sufficient to allow Plaintiff safely to come and go independently and refused to make needed physical alterations to Plaintiff's bathroom.

55. Plaintiff has been injured by Defendants' conduct and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT,
### Cal. Gov't Code §§ 12927(c) and 12955,
### By Plaintiff Against Defendants

56. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in this pleading.

57. Apartments at All Hallows Garden Apartments are housing accommodations.

58. Plaintiff is a person with a disability.

59.     Defendants violated the California Fair Employment and Housing Act by refusing to make reasonable accommodation of Plaintiff's disability.  Defendants unreasonably delayed and thereby refused to grant Plaintiff's repeated requests for a transfer to a ground-level apartment until 2021, failed to grant his repeated requests to install an accessible ramp and failed to grant his requests for accessible features in his bathroom.

60.     Defendants engaged in discriminatory housing practices.

61.     Plaintiff has been injured by Defendants' discriminatory housing practices and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT,**
**Cal. Civil Code § 51,**
**By Plaintiff Against Defendants**

62.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in this pleading.

63.     Defendants and All Hallows Garden Apartments are business establishments.

64.     Plaintiff is a person with a disability.

65.     Defendants violated the California Unruh Civil Rights Act by intentionally refusing to provide Plaintiff with full and equal accommodations, advantages, facilities, privileges and services at All Hallows Garden Apartments.  Defendants unreasonably delayed and thereby refused to grant Plaintiff's repeated requests for a transfer to a ground-level apartment until 2021, refused to install a ramp at the Navy Road apartment sufficient to allow Plaintiff safely to come and go independently and refused to make needed physical alterations to Plaintiff's bathroom.

66.     Plaintiff has been harmed by Defendants' conduct.

WHEREFORE, Plaintiff requests relief as outlined below.

## RELIEF

THEREFORE, Plaintiff, pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 3613, California Civil Code §§ 52 and California Government Code §§ 12989.1 and 12989.2, and other applicable law, prays for judgment and the following relief against Defendants:

1. For injunctive relief;
2. For damages, including but not limited to actual damages, statutory damages, treble damages and punitive damages, all according to proof;
3. For attorney fees, litigation expenses and costs of this proceeding; and
4. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 1, 2022                Respectfully submitted,

                                       */s/ Todd Espinosa*
                                       Todd Espinosa
                                       LAW OFFICE OF TODD ESPINOSA

                                       Celia McGuinness
                                       Deborah Gettleman
                                       DERBY, McGUINNESS & GOLDSMITH, LLP

                                       Attorneys for Plaintiff Curtis Kelley