UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS KELLEY,<br><br>   Plaintiff,<br><br> v.<br><br>RELATED MANAGEMENT COMPANY, L.P., et al.,<br><br>   Defendants. | Case No. 22-cv-04458-SK<br><br>**ORDER ON CROSS-MOTIONS TO ENFORCE OR VACATE INJUNCTION**<br><br>Regarding Docket Nos. 39, 43 |

   Now before the Court are the cross-motions filed by the parties to enforce or vacate the stipulated injunction. On November 7, 2022, Plaintiff filed a motion for a preliminary injunction to provide for a wheelchair-accessible entrance to his apartment or to transfer him to another unit that is wheelchair-accessible. (Dkt. No. 25.) On November 28, 2022, Defendants filed an opposition to Plaintiff's motion. (Dkt. No. 30.) In support of their opposition, Defendants filed a declaration from Eric J. Stephenson, in which he stated that he had been searching for a hotel room that met Plaintiff's specifications but that Defendants have had difficulty finding such an available room. (Dkt. No. 30-1, ¶ 5.) A few days before the hearing on Plaintiff's motion, the parties filed a stipulation for entry of an order resolving the pending motion for preliminary injunction. (Dkt. No. 33.) The Court approved the parties' stipulation and entered an order on January 6, 2023, that required Defendants, as stipulated, to:

  a. Provide temporary housing accommodations mutually agreed upon by the parties for Plaintiff that contain the following features: (1) The accommodations will be compliant with regulations for accessible hotel rooms under the Americans with Disabilities Act, including a "roll-in" shower; (2) The accommodations will provide kitchen facilities comparable to those available in his studio apartment; (3) The temporary accommodations will be located in San Francisco proper to maintain Plaintiff's eligibility for healthcare and social services.

      b. Provide a fully electronically adjustable hospital bed, with separate adjustments for head, knees, and height, at least 42 inches wide;

      c. Provide transportation of Plaintiff and his belongings (including his wheelchair and Hoyer lift) to the hotel, and home when Plaintiff's apartment is ready, in a wheelchair accessible van.

(Dkt. No. 34.) In the stipulated Order, Defendants recognized "that living in a hotel is difficult and disruptive for Plaintiff." (*Id.*) Currently, Defendants are housing Plaintiff in a hotel room with no kitchen facilities. Plaintiff is on a strict, very low sodium diet, and he has difficulty adhering to that diet without a kitchen to prepare fresh meals. (Dkt. No. 39-1 (Declaration of Curtis Kelly), ¶¶ 13-16, Ex. 3.) Moreover, even though Defendants knew that living in a hotel is very difficult for Plaintiff, Defendants did not even apply for the permit to make modifications to his residence until *May 10, 2023*. (Dkt. No. 43-3 (Declaration of Alicia Ruiz), ¶ 30.)

    "A district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (citing *System Federation No. 91 v. Wright,* 364 U.S. 642, 647-48 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts); *Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 810 (9th Cir.1963) (same)). However, the Court finds that Defendants have not demonstrated any new facts or changed circumstances. Therefore, the Court GRANTS Plaintiff's motion requiring Defendants to comply with the Order entered on January 6. 2023 and DENIES Defendants' motion to vacate or modify the Order. Additionally, to compensate Plaintiff for the difficulty in accommodating his prescribed diet and living in a hotel room, and to encourage Defendants to move quickly to find Plaintiff accommodations that comply with the Court's Order and the parties' stipulation, the Court HEREBY IMPOSES a daily penalty of $100 to be paid directly to Plaintiff's counsel for Plaintiff's benefit.

/ / /

/ / /

/ / /

/ / /

/ / /

1  This amount shall be paid for every day that Plaintiff is not housed in accommodations which
2  comply with the Order.  (Dkt. No. 34.)  Plaintiff can use this money to buy healthy, low-sodium
3  prepared food, if feasible.

4  **IT IS SO ORDERED**.

5  Dated: June 12, 2023



SALLIE KIM
United States Magistrate Judge

3