Celia McGuinness (SBN 159420)
Deborah Gettleman (SBN 267309)
Derby McGuinness & Goldsmith LLP
1999 Harrison Street, Suite 1800
Oakland, California 94612
Phone: (510) 987-8778
cmcguinness@dmglawfirm.com
dgettleman@dmglawfirm.com

Todd Espinosa (SBN 209591)
Law Office of Todd Espinosa
2000 Broadway Street
Redwood City, California 94063
650-241-3873 telephone
650-409-2550 facsimile
tie@toddespinosalaw.com

*Attorneys for Plaintiff Curtis Kelley*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIS KELLEY, | CASE NO. 3:22-cv-04458-SK |
| Plaintiff, | |
| v. | **PLAINTIFF CURTIS KELLEY'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| RELATED MANAGEMENT COMPANY, L.P., and ALL HALLOWS PRESERVATION, L.P., | Before: Hon. Sallie Kim |
| Defendants. | Date:  September 18, 2023 |
| | Time:  9:30 a.m. |

*Kelley v. Related Management Company, L.P., et al.*, CASE NO. 3:22-cv-04458-SK
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 12(f) and the authorities cited in the following memorandum, Plaintiff Curtis Kelley ("Plaintiff") moves for an order from the Court striking the first, third, fourth, fifth and sixth affirmative defenses set forth in Defendants' Answer to the Amended Complaint (ECF No. 58) on the grounds that they are insufficiently pleaded or legally insufficient.  The motion will be heard at the time and date indicated in the caption or as otherwise ordered by the Court.

This motion is based on the following memorandum of points and authorities and such other matters that may be considered by the Court.

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendants have asserted six affirmative defenses in their Answer to the Amended Complaint in this housing discrimination action.  Plaintiff moves to strike five of them pursuant to Rule 12(f).  Defendants' fourth, fifth and sixth affirmative are factually insufficient on their face.  Their first, third and fifth affirmative defenses are legally insufficient either because they are not actual affirmative defenses or do not apply to Plaintiff's causes of action.

**II.     STATEMENT OF THE CASE RELEVANT TO THIS MOTION**

Plaintiff filed his Complaint on August 1, 2022.  ECF No. 1.  Defendants filed their initial Answer on September 6, 2022, in which they asserted nineteen affirmative defenses.  ECF No. 12.  On September 27, 2022, Plaintiff brought a motion to strike all nineteen of the affirmative on the grounds that they were all factually insufficient and that some were legally insufficient as well.  ECF No. 13.  Rather than oppose the motion, Defendants stipulated to amend the Answer with leave to amend certain of them "to the extent that they can allege facts sufficient to support each affirmative defense."  ECF No. 18.  Defendants filed their Amended Answer on November 2, 2022, which set forth six affirmative defenses.  ECF No. 23.

On June 29, 2023, Plaintiff filed an Amended Complaint.  ECF No. 58.  Defendants filed their Answer to the Amended Complaint on July 13, 2023, in which they assert similar versions of their previous affirmative defenses.  ECF No. 64.

The deadline to complete fact discovery in this matter is December 1, 2023, less than four months from the date of this motion.  ECF No. 57.

**III.     PLAINTIFF'S AMENDED COMPLAINT AND DEFENDANTS' AFFIRMATIVE DEFENSES AT ISSUE IN THIS MOTION**

**A.     Plaintiff's Amended Complaint**

As alleged in the Amended Complaint in this action, Plaintiff is a disabled senior who needs to use a wheelchair for mobility.  He is a long-time resident of All Hallows Garden Apartments, a federally subsidized apartment complex in the Bayview neighborhood of San Francisco, California.  Defendant Related Management Company L.P., is one of the largest

1    apartment managers in the country.  Defendant All Hallows Preservation, L.P., owns the

2    property.  ECF No. 58 at ¶¶ 1, 2, 8-15, 21-23.

3         For years, Defendants failed to transfer Plaintiff to a ground-level or other accessible

4    apartment, despite knowing that he uses a wheelchair and despite his repeated requests for

5    reasonable accommodation of his disability.  Plaintiff was forced to drag himself up and down

6    exterior stairways at the complex in order to get in and out of his apartment.  *Id*. at ¶¶ 2, 26-34.

7         In 2021, after additional reasonable requests to be relocated, including those made on

8    Plaintiff's behalf by his physician, an advocacy agency for disabled Californians and the San

9    Francisco Fire Department, Defendants finally transferred Plaintiff to a ground-level studio

10   apartment.  However, that apartment is not actually accessible to Plaintiff.  There are stairs in the

11   path of travel.  Despite his further reasonable accommodation requests, Defendants have refused

12   to provide a ramp that would enable him to come and go from his apartment independently.

13   Defendants also failed to grant other accommodation requests for alterations to the interior of the

14   apartment to make it usable.  *Id.* at ¶¶ 37-49.

15        Plaintiff asserts causes of action against Defendants for violations of the Fair Housing

16   Act, 42 U.S.C. § 3604(f), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the California

17   Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12927(c) and 12955, and the

18   California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51.  Plaintiff seeks

19   damages, injunctive relief, attorney fees, expenses and costs.  *Id*. at ¶¶ 53-74.

20   The Amended Complaint asserted additional facts pertaining to Defendant's financial resources,

21   Plaintiff's repeated requests for modification of both the exterior and the interior of his unit on

22   the basis of his disabilities, and Defendants' intentional behavior in denying and/or ignoring

23   those requests.  ECF No. 58-1 (Redlined version of the Amended Complaint).

24        **B.      Defendants' Answer to the Amended Complaint and Affirmative Defenses**

25        In their Answer to Amended Complaint, Defendants asserted six affirmative defenses.

26   ECF No. 64. Plaintiff challenges the first, third, fourth, fifth and sixth, which are set forth

27   verbatim as follows:

28

AS AND FOR A FIRST, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's Amended Complaint, and each claim for relief contained therein, is barred because Plaintiff would be unjustly enriched by receipt of any recovery prayed for in the Amended Complaint. As stated above, Defendants have timely and appropriately responded to all of Plaintiff's requests for accommodation and modification relating to his tenancy at the subject property, and have consistently engaged in a good faith interactive process with Plaintiff regarding said requests. Defendants also contend that Plaintiff has failed to engage in the interactive process regarding his request for interior modifications of the premises at issue in the Amended Complaint. Based on these facts and those set forth in more detail above, Plaintiff is not entitled to the monetary relief requested and would be unjustly enriched if awarded same.

AS AND FOR A THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to mitigate his damages and is barred from recovering such damages. Defendants contend that Plaintiff had previously refused to engage in the interactive process with Defendants in response to his requests for accommodation and alternative accommodations provided by Defendants, which conduct of Plaintiff may have resulted in his alleged injuries, if any there were.

AS AND FOR A FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that the barriers about which Plaintiff complains could not have been remediated without substantial and unreasonable alterations. Facts in support of this defense shall be obtained during expert discovery with certified access specialists, however this defense is stated herein to prevent its waiver.

AS AND FOR A FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that the removal of the barriers about which Plaintiff complains was not and is not readily achievable. Facts in support of this defense shall be obtained during expert discovery with certified access specialists, however this defense is stated herein to prevent its waiver.

AS AND FOR A SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that the remedies for the barriers about which Plaintiff complains were unduly burdensome. Facts in support of this defense shall be obtained during expert discovery with certified access specialists, however this defense is stated herein to prevent its waiver.

ECF No. 64 at pp.6-8.

All of these affirmative defenses were stricken from Defendants' original Answer. ECF

No. 12 (Aff. Defenses No. 3 ("unjustly enriched"), 5 ("failed to mitigate his damages"), 13

1  ("substantial and unreasonable alterations"), 18, ("not readily achievable"), 19 ("unduly

2  burdensome")).

3  **IV.    LEGAL STANDARD**

4          Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading

5  an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

6  Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and

7  money that must arise from litigating spurious issues by dispensing with those issues prior to

8  trial."  *Simmons First Nat'l Bank v. Lehman*, No. 13-CV-02876-DMR, 2015 WL 1737879, at *1

9  (N.D. Cal. Apr. 10, 2015) (citation omitted).  *See also Barnes v. AT&T Pension Ben. Plan-*

10  *Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (same).  "[A] motion to

11  strike an insufficient affirmative defense does not require a prejudice showing."  *Wesch v.*

12  *Yodlee, Inc.*, No. 20-CV-05991-SK, 2021 WL 6206642, at *1 (N.D. Cal. Dec. 6, 2021)

13  (quotations and citation omitted).  *See also ABC Distrib., Inc. v. Living Essentials LLC*, No. 15-

14  CV-02064 NC, 2016 WL 8114207, at *3 (N.D. Cal. July 27, 2016) ("[R]equiring a party to

15  conduct expensive and potentially unnecessary and irrelevant discovery is itself prejudicial."

16  (quotations and citation omitted)).

17          An affirmative defense may be insufficient under Rule 12(f) either as a matter of law or

18  as a matter of pleading.  *See J & J Sports Prods., Inc. v. Marini*, No. 1:16-CV-0477-AWI-JLT,

19  2016 WL 6996245, at *2 (E.D. Cal. Nov. 30, 2016).  An affirmative defense is insufficient as a

20  matter of pleading if it lacks sufficient factual matter to state a defense that is plausible on its

21  face.  *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (applying

22  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

23  "[A]ffirmative defenses must contain sufficient factual matter to state a defense that is 'plausible

24  on its face.'"); *Wesch*, 2021 WL 6206642, at *2 (applying *Twombly* and *Iqbal* to the pleading of

25  affirmative defenses).  *See also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014)

26  (summarizing "two-step" analysis under *Twombly* and *Iqbal*).  With regard to insufficiency as a

27  matter of law, "[a]n affirmative defense is legally insufficient if it lacks merit under any set of

28

1 facts the defendant might allege." *Marini*, 2016 WL 6996245, at *2 (citation and quotations

2 omitted).

3        Where a Rule 12(f) motion to strike is granted, leave to amend should generally also be

4 given, unless amendment would be futile. *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279,

5 293 n.98 (N.D. Cal. 2015). However, "in determining whether to grant leave to amend, a Court

6 may consider whether the moving party has previously amended its answer or complaint." *ABC*

7 *Distrib., Inc.*, 2016 WL 8114207, at *3 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

8 186 n.3 (9th Cir. 1987)). Where a court has previously provided an opportunity to amend, "its

9 discretion over further amendments is particularly broad." *Id*. (citation and quotations omitted).

10 The pleading of amended affirmative defenses is subject to Defendants' obligations under Rule

11 11 of the Federal Rules of Civil Procedure. *See, e.g.*, *Red Lion Hotels Franchising, Inc. v. First*

12 *Capital Real Estate Investments, LLC*, No. 2:17-CV-145-RMP, 2018 WL 2324439, at *2 (E.D.

13 Wash. May 22, 2018).

14

## V.    ARGUMENT

15

    **A.    Defendants' Fourth (Substantial and Unreasonable Alterations), Fifth (Not**
16         **Readily Achievable) and Sixth (Unduly Burdensome) Affirmative Defenses**
        **Should Be Stricken for Failure to Plead Any Supporting Facts**
17

18        Defendants' fourth, fifth, and sixth affirmative defenses are pleaded without any factual

19 support. As to each of these affirmative defenses, Defendants state: "Facts in support of this

20 defense shall be obtained during be obtained during expert discovery with certified access

21 specialists, however this defense is stated herein to prevent its waiver."

22        These three affirmative defenses should be stricken because Defendants admit they have

23 no facts to support their assertion. They have merely expressed hope that facts will arise in the

24 future. The Federal Rules of Civil Procedure do not permit the pleading of theoretical defenses.

25 *See J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at

26 *4 (N.D. Cal. Apr. 25, 2011) (rejecting an affirmative defense that pled that the defendant "'may

27 prove a set of facts' after completing discovery" as contrary to *Iqbal*).

28

1    Because Defendants claim an unreasonable or unachievable burden on them, they should

2    have been able to describe that burden by this time.  Now, more than a year after Plaintiff filed

3    this action and after Defendants have had three opportunities to plead them in accordance with

4    the Federal Rules of Civil Procedure, these three insufficiently pleaded affirmative defenses

5    should be stricken without leave to amend.

6
    **B.      Defendants' First (Unjust Enrichment), Third (Failure to Mitigate) and Fifth**
7    **(Not Readily Achievable) Affirmative Defenses Should Be Stricken as Legally**
    **Insufficient**
8
    **a.      Defendants' First and Third Affirmative Defenses Are Not Actual**
9    **Affirmative Defenses Because They Merely Seek to Limit Damages**

10    Defendants' first and third affirmative defenses are not actual affirmative defenses

11    because they are directed only to monetary relief, not Defendants' liability.  ECF No. 64 at p.6

12    ("Plaintiff is not entitled to the monetary relief requested and would be unjustly enriched if

13    awarded same."), p.7 ("Plaintiff has failed to mitigate his damages and is barred from recovering

14    such damages.").  Affirmative defenses that would "not act to preclude a defendant's liability"

15    are not actual affirmative defenses.  *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA,

16    2018 WL 4468680, at *6 (N.D. Cal. Sept. 18, 2018).

17    These two purported affirmative defenses are, instead, merely arguments seeking to limit

18    Plaintiff's recovery of damages.  Such arguments are not affirmative defenses. "[T]he Federal

19    Rules do not consider limitations of damages affirmative defenses."  *Taylor v. United States*, 821

20    F.2d 1428, 1433 (9th Cir. 1987).  *See also J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C

21    10-05123 WHA, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (rejecting as "legally

22    insufficient" a matter "relevant for determining the amount of damages," but "irrelevant for

23    determining liability"); *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 285 and n.34 (N.D. Cal.

24    2015) (citing *Taylor*: "[A] defense targeting the amount of the recovery is a limitation rather than

25    an affirmative defense.").  Defendants' first and third affirmative defenses are therefore legally

26    insufficient and should be stricken without leave to amend.

27

28

1

2

### b.   Defendants' First Affirmative Defense Also Is Not an Actual Affirmative Defense Because It Amounts to a Denial of Liability

3

4   Defendants' first affirmative defense, while styled in terms of unjust enrichment,

5   amounts to a denial of liability and of the allegations of Plaintiff's Amended Complaint.  In

6   essence, Defendants are arguing that they did not engage in discriminatory housing practices:

7   "Defendants have timely and appropriately responded to all of Plaintiff's requests for

8   accommodation and modification relating to his tenancy at the subject property, and have

9   consistently engaged in a good faith interactive process with Plaintiff regarding said requests."

10   ECF No. 64 at p.6.  Such denials are not actual affirmative defenses.  *See G & G Closed Circuit*

11   *Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23,

12   2010) ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot

13   prove the elements of his claims are not affirmative defenses."); *Catch a Wave, Inc. v. Sirius XM*

14   *Radio, Inc.*, No. C 12-05791 WHA, 2013 WL 1996134, at *4 (N.D. Cal. May 13, 2013) ("a

15   thinly masked reiteration that defendant denies liability" is not an affirmative defense).  This

16   additional legal insufficiency is further grounds to strike Defendants' first affirmative defense

17   without leave to amend.

18

### c.   Defendants' Fifth Affirmative Defense Does Not Apply to the Causes of Action Asserted in this Case

19   Defendants' fifth affirmative defense is based on their assertion that "the removal of the

20   barriers about which Plaintiff complains was not and is not readily achievable."  The removal of

21   barriers not being readily achievable is not an affirmative defense to Plaintiff's Fair Housing Act,

22   Section 504, FEHA and Unruh Act causes of action in this case.  Such a defense pertains instead

23   to Title III of the Americans with Disabilities Act.  *See* 42 U.S.C. § 12182(b)(2)(A)(v).  Because

24   it does not apply to Plaintiff's causes of action, Defendants' fifth affirmative defense should be

25   stricken as legally insufficient without leave to amend.[1]

26

27

28

---

[1] Alternatively, this fifth affirmative defense may be stricken as "immaterial" or "impertinent" under Rule 12(f).

---

1

## VI.   CONCLUSION

2       For the reasons stated, the Court should strike Defendants' first, third, fourth, fifth and

3   sixth affirmative defenses without leave to amend.

4

5   Dated:  August 3, 2023                    Respectfully submitted,

6

7                                                */s/ Celia McGuinness*
                                               Celia McGuinness
8                                              Deborah Gettleman
                                               DERBY, McGUINNESS & GOLDSMITH, LLP
9
                                               *Attorneys for Plaintiff Curtis Kelley*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28