UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS KELLEY,<br><br>              Plaintiff,<br><br>      v.<br><br>RELATED MANAGEMENT COMPANY, L.P., et al.,<br><br>              Defendants. | Case No.  22-cv-04458-SK<br><br>**ORDER REGARDING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Regarding Docket No. 67 |

This matter comes before regarding the motion by Curtis Kelley ("Plaintiff") to strike Defendants' first, third, fourth, fifth, and sixth affirmative defenses to Plaintiff's amended complaint.  (Dkt. No. 67.)  Defendants filed an opposition on August 17, 2023, and Plaintiff filed a reply on August 24, 2023.  (Dkt. Nos. 68, 69.)  Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion for the reasons set forth below.

## BACKGROUND

Plaintiff filed his initial complaint on August 1, 2022. (Dkt. No. 1.)  In their initial answer, Defendants raised nineteen affirmative defenses.  (Dkt. No. 12.)  Plaintiff moved to strike these affirmative defenses on September 27, 2022.  (Dkt. No. 15.)  Parties then stipulated to strike all of these affirmative defenses and to allow Defendants to amend their answer as to their second, third, fourth, fifth, twelfth, thirteenth, eighteenth and nineteenth affirmative defenses.  (Dkt. No. 17.)  Defendants filed an amended answer to Plaintiff's complaint, filed on November 2, 2022.  (Dkt No. 23.)  Defendant raised six affirmative defenses: unjust enrichment, statute of limitations, failure to mitigate, unreasonability, lack of a readily achievable remedy, and undue burden of the

1    remedy.  (*Id.*)  Plaintiff never objected to these affirmative defenses.  Plaintiff then filed an

2    amended complaint on June 29, 2023, followed by Defendants' answer on July 13, 2023.  (Dkt.

3    Nos. 58, 64.)  Defendants' answer contained the same six affirmative defenses as their November

4    2, 2022 answer.  (Dkt. No. 67.)  Plaintiff moved to strike Defendants' answer on August 3, 2023.

5    (Dkt. No. 67.)

6           Plaintiff asserts claims against Defendants for violations of the Fair Housing Act, 42

7    U.S.C. § 3604(f), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the California Fair

8    Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12927(c) and 12955, and the

9    California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51.  (Dkt. No. 58.)

10   Plaintiff seeks damages, injunctive relief, attorney fees, expenses and costs.  (*Id*. at ¶¶ 53-74.)

11          Defendant's answer contains the six affirmative defenses discussed above.  Plaintiff

12   challenges five of these defenses, listed below:

13               AS AND FOR A FIRST, SEPARATE, AND DISTINCT
           AFFIRMATIVE DEFENSE, these answering Defendants allege that
14         Plaintiff's Amended Complaint, and each claim for relief contained
           therein, is barred because Plaintiff would be unjustly enriched by
15         receipt of any recovery prayed for in the Amended Complaint. As
           stated above, Defendants have timely and appropriately responded to
16         all of Plaintiff's requests for accommodation and modification
           relating to his tenancy at the subject property, and have consistently
17         engaged in a good faith interactive process with Plaintiff regarding
           said requests. Defendants also contend that Plaintiff has failed to
18         engage in the interactive process regarding his request for interior
           modifications of the premises at issue in the Amended Complaint.
19         Based on these facts and those set forth in more detail above, Plaintiff
           is not entitled to the monetary relief requested and would be unjustly
20         enriched if awarded same.

21               AS AND FOR A THIRD, SEPARATE, AND DISTINCT
           AFFIRMATIVE DEFENSE, these answering Defendants allege that
22         Plaintiff has failed to mitigate his damages and is barred from
           recovering such damages. Defendants contend that Plaintiff had
23         previously refused to engage in the interactive process with
           Defendants in response to his requests for accommodation and
24         alternative accommodations provided by Defendants, which conduct
           of Plaintiff may have resulted in his alleged injuries, if any there were.
25
                 AS AND FOR A FOURTH, SEPARATE, AND DISTINCT
26         AFFIRMATIVE DEFENSE, these answering Defendants allege that
           the barriers about which Plaintiff complains could not have been
27         remediated without substantial and unreasonable alterations. Facts in
           support of this defense shall be obtained during expert discovery with
28

United States District Court
Northern District of California

certified access specialists, however this defense is stated herein to prevent its waiver.

AS AND FOR A FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that the removal of the barriers about which Plaintiff complains was not and is not readily achievable. Facts in support of this defense shall be obtained during expert discovery with certified access specialists, however this defense is stated herein to prevent its waiver.

AS AND FOR A SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, these answering Defendants allege that the remedies for the barriers about which Plaintiff complains were unduly burdensome. Facts in support of this defense shall be obtained during expert discovery with certified access specialists, however this defense is stated herein to prevent its waiver.

(Dkt. No. 64.)

## ANALYSIS

### A.      Timeliness

Defendants argue that the Court should deny Plaintiff's motion to strike because it is untimely.  (Dkt. . No. 67.)  Under Federal Rule of Civil Procedure, any motion to strike must be brought within 21 days after an answer is filed.  Fed. R. Civ. P. 12(f).  However, a court has discretion to consider untimely motions.  *In re Seagate Technology LLC Litigation*, 2017 WL 3670779 at 3 (N.D. Cal. 2017), citing *Culinary & Serv. Emps. Union v. Hawaii Emp. Benefit Admin.. Inc.*, 688 F.2d 1228, 132-33 (9th Cir. 1982).  Here, Defendants raised the same affirmative defenses at issue in this motion in its amended answer to Plaintiff's original complaint, filed on November 2, 2022.  Plaintiff did not file a motion to strike these defenses when Defendants first raised the affirmative defenses.  However, Plaintiff has timely moved to strike Defendants' same affirmative defenses in Defendants' answer to Plaintiff's amended complaint. Defendants argue that, because Plaintiff failed to object to Defendants' affirmative defenses the first time Defendants raised them, Plaintiff has waived this right.  The Court finds that, given Plaintiff's timely filing of motion to strike the affirmative defenses in Defendant's most recent answer, the Court will consider Plaintiff's motion.

### B.      Standard of Review

Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Immaterial

matter "is that which has no essential or important relationship to the claim for relief or the

defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

*other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations

omitted).  Impertinent material "consists of statements that do not pertain, and are not necessary,

to the issues in question." *Id.* (internal citations and quotations omitted).  Motions to strike are

regarded with disfavor because they are often used as delaying tactics and because of the limited

importance of pleadings in federal practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp.

1335, 1339 (N.D. Cal. 1991).  A motion to strike is appropriate only when the matter to be

stricken could have no possible bearing on the issues in litigation.  *LeDuc v. Kentucky Central Life*

*Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Ultimately, the decision as to whether to strike

allegations is a matter within a court's discretion.  *Colaprico*, 758 F. Supp. at 1339.

Where a Rule 12(f) motion to strike is granted, leave to amend should generally also be

given, unless amendment would be futile. *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279,

293 n.98 (N.D. Cal. 2015).  However, "in determining whether to grant leave to amend, a Court

may consider whether the moving party has previously amended its answer or complaint." *ABC*

*Distrib., Inc.*, 2016 WL 8114207, at *3 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

186 n.3 (9th Cir. 1987)).

## C. Defendants' Fourth, Fifth and Sixth Affirmative Defenses.

Plaintiff moves to strike Defendants' fourth, fifth and sixth affirmative defenses for failure

to plead any supporting facts.  (Dkt. No. 67.)  While the Ninth Circuit has not yet ruled on the

issue, the majority of district courts have concluded that the pleading standards set forth in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply

to affirmative defenses.  *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572,

574 (N.D. Cal. 2016) (noting majority of district courts have applied pleading standards from

*Twombly* and *Iqbal*); *see also Jacobson v. Persolve*, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19,

2014) (collecting cases).  Under this standard, "[w]hile a defense need not include extensive

factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may

4

1    not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal.

2    Mar. 26, 2012).  "Just as a plaintiff's complaint must allege enough supporting facts to nudge a

3    legal claim across the line separating plausibility from mere possibility, a defendant's pleading of

4    affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."

5    *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

6            Defendants state in affirmative defenses four, five, and six that supporting facts shall be

7    obtained through expert discovery but do not state any supportive facts in the answer itself.

8    Defendants argue that the cursory response that remedies are unduly burdensome or unreasonable

9    are sufficient at the pleading stage.  Defendants appear to contend that the pleading standard for an

10   affirmative defense is only a "notice standard" and that by listing their defenses, they have

11   satisfied this requirement.  (Dkt. No 68 at 7.)  While a notice standard was used in *Kohler v. Flava*

12   *Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), courts apply the *Twombly/Iqbal* standard to

13   answers.  "A vast majority of courts in this district have held that *Kohler* did not directly address

14   whether the *Twombly* and *Iqbal* standard applies to pleading affirmative defenses." *United States*

15   *v. Acad. Mortg. Corp., 2020 WL 7056017*, at *2 (N.D. Cal. Dec. 2, 2020); *see also "AMY" v.*

16   *Curtis*, 2020 WL 6271046, *3 (N.D. Cal. Oct. 26, 2020) ("[E]ven after *Kohler*, courts in this

17   district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard."); *Prods. and*

18   *Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1330598, at *3 (N.D. Cal. Apr. 11,

19   2017) ("Absent controlling authority to the contrary, this Court joins its sister courts in this district

20   in continuing to apply [the Twombly/Iqbal] standard here.").  As the court explained in *Academy*

21   *Mortgage*,

22                  There are strong policy reasons for requiring parties to meet the
                    pleading standard set forth in *Twombly* and *Iqbal* for affirmative
23                  defenses.  It aids in streamlining case management and judicial
                    economy by "cutting off vague or even frivolous claims early, thus
24                  avoiding the time and expense of unnecessary or far-ranging
                    discovery." *Hayden v. United States*, 147 F. Supp. 3d 1125, 1131 (D.
25                  Or. 1995).  This is particularly true where it is an all-too-common
                    practice of proffering a litany of canned affirmative defenses with no
26                  supporting factual allegations.

27   2020 WL 7056017, at *2.  The Court concurs and will apply the pleading standard set forth in

28   *Twombly* and *Iqbal*.  Thus, without more than statements that fact finding to support these

United States District Court
Northern District of California

5

1   affirmative defenses will be conducted in discovery, these defenses fail to meet the pleading

2   standard.  As such, the Court hereby GRANTS the motion to strike Defendants' fourth and sixth

3   affirmative defenses.  Defendants are GRANTED LEAVE TO AMEND their complaint to

4   properly plead facts to support these affirmative defenses by October 20, 2023.

5          Plaintiff separately argues that Defendants' fifth affirmative defense does not apply

6   because the affirmative defense of ready achievability is an affirmative defense to Title III of the

7   Americans with Disabilities Act, not an affirmative defense to FEHA and the Unruh Act – the

8   pertinent causes of action in this case.  (Dkt. No. 67 at 9.)  Defendant does not deny this but

9   asserts that it may be relevant because Plaintiff raised that he sought an "ADA-compliant

10  apartment" prior to litigation.  (Dkt. No. 68 at 8.)  However, because Plaintiff has not asserted any

11  ADA claims in the current suit, Plaintiff's motion to strike Defendant's fifth affirmative Defense

12  is hereby GRANTED WITHOUT LEAVE TO AMEND.

**D.     Defendants' First and Third Affirmative Defenses.**

14         Plaintiff argues that Defendants' first and third defenses are not affirmative defenses

15  because they are solely directed to monetary relief.  An allegation that a plaintiff "has not met its

16  burden of proof is not an affirmative defense."  *See Zivkovic v. S. California Edison Co*., 302 F.3d

17  1080, 1088 (9th Cir. 2002).  "An affirmative defense, under the meaning of Federal Rule of Civil

18  Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead

19  precludes liability even if all of the elements of the plaintiff's claim are proven."  *Barnes v. AT &*

20  *T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010)

21  (citation omitted).  "[T]he Federal Rules do not consider limitations of damages affirmative

22  defenses." *Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987).  *See also J & J Sports*

23  *Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *3 (N.D. Cal. Apr.

24  25, 2011) (rejecting as "legally insufficient" a matter "relevant for determining the amount of

25  damages," but "irrelevant for determining liability"); *Hernandez v. Cty. of Monterey*, 306 F.R.D.

26  279, 285 and n.34 (N.D. Cal. 2015) (citing *Taylor:* "[A] defense targeting the amount of the

27  recovery is a limitation rather than an affirmative defense.").  The *Taylor* court distinguished non-

28  affirmative defenses from affirmative defenses, stating "unlike affirmative defenses listed in

United States District Court
Northern District of California

1    Fed.R.Civ.Proc. 8(c), [a non-affirmative defense] limits, but does not bar recovery for

2    noneconomic damages." 821 F.2d 1428, 1433 (9th Cir. 1987). Affirmative defenses are complete

3    bars to recovery, not mere limitations of the amount of recovery.

4            Turning first to Defendants' first affirmative defense, unjust enrichment is generally

5    accepted by this court as a proper affirmative defense. *Kuang Xuan Liu v. Win Woo Trading,*

6    *LLC*, 2014 WL 7140514 at *3 (N.D. Cal. 2014) (holding that the defendants' affirmative defense

7    for unjust enrichment was properly pled); *Snap! Mobile, Inc. v. Croghan*, 2019 WL 884177 at *7

8    (N.D. Cal. 2019). However, Plaintiff asserts that Defendants' first affirmative defense does not

9    state a basis for unjust enrichment but is instead a simple denial of liability. See *G & G Closed*

10   *Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal.

11   Sept. 23, 2010) ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff

12   cannot prove the elements of his claims are not affirmative defenses."); *Catch a Wave, Inc. v.*

13   *Sirius XM Radio, Inc*., No. C 12-05791 WHA, 2013 WL 1996134, at *4 (N.D. Cal. May 13, 2013)

14   ("a thinly masked reiteration that defendant denies liability" is not an affirmative defense. While

15   Defendants do deny liability within the first affirmative defense, they also state a basis for unjust

16   enrichment based on the relief Plaintiff seeks. Based on the narrow standards used by this court in

17   motions to strike, the Court DENIES Plaintiff's motion to strike Defendants' first affirmative

18   defense.

19           Turning to Defendants' third affirmative defense, failure to mitigate damages is generally

20   accepted as a proper form of affirmative defense. *Cadence Design Systems, Inc. v. Syntronic AB*,

21   2022 WL 1320629 at 4 (N.D. Cal. 2022) (denying plaintiffs motion to strike the defendant's

22   "failure to mitigate defense"). This District previously held that failure to mitigate affirmative

23   defenses are proper despite the fact that they are limitations of damages:

24                   In addition, plaintiff argues that defendant's failure to mitigate
                     defense is improperly raised as an affirmative defense because the
25                   doctrine serves to limit damages rather than to absolve a party of
                     liability. While courts describe an affirmative defense as "an assertion
26                   raising new facts and arguments that, if true, will defeat plaintiff's
                     claim" [citations omitted], this general language does not establish a
27                   fixed rule. Although the failure to mitigate doctrine operates to reduce
                     damages rather than as a barrier to liability, it is still considered an
28                   affirmative defense. *See*, *e.g. ALLTEL Info. Servs., Inc. v. F.D.I.C.*,

1

2

> 194 F.3d 1036, 1044 (9th Cir. 1999) (considering the "Affirmative Defense of Failure to Mitigate") *First Fin. Sec., Inc. v. Freedom Equity Grp.*, LLC, 2016 WL 23017552 at 3 (N.D. Cal. 2016) [emphasis added].

3

*Murphy v. Trader Joe's*, 2017 WL 235193 at 3 (N.D. Cal. 2017).  As such, Plaintiff's motion to

4

strike Defendants' third affirmative defense is DENIED.

5

### CONCLUSION

6

For the reasons stated herein, the Court DENIES Plaintiff' motion to strike Defendants'

7

first and third affirmative defenses, GRANTS WITH LEAVE TO AMEND Plaintiff's motion to

8

strike Defendants' fourth and sixth affirmative defenses, and GRANTS WITHOUT LEAVE TO

9

AMEND Plaintiff's motion to strike Defendants' fifth affirmative defense.  Defendant may file an

10

amended answer by October 20, 2023.

11

12

**IT IS SO ORDERED**.

Dated: October 3, 2023

13

14

_____

SALLIE KIM
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California